IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL EDWARDS, )
)
        Plaintiff, )
)
  -vs- )   Civil Action No. 16-475
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications for benefits alleging he has been disabled since May 1, 2008. (ECF No. 7-8, pp. 10, 34). Administrative Law Judge ("ALJ") William E. Kenworthy held a hearing on July 17, 2014. (ECF No. 7-4, pp. 23-45). On August 27, 2014, the ALJ issued a decision finding Plaintiff is not

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

disabled. (ECF No. 7-4, pp. 5-17). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Step 3 – Listing Section 3.00

Plaintiff argues that the ALJ erred in failing "to consider the effects of Plaintiff's obesity on his respiratory system under Listing Section 3.00-Sleep Related Breathing Disorders." (ECF No. 10, pp. 15). To that end, Plaintiff submits that the "ALJ failed to determine whether Plaintiff's sleep apnea, alone or in combination with his obesity, meets or equals Listing 3.10." (ECF No. 10, pp. 13-14). As a result, the Plaintiff essentially argues that there is insufficient discussion for this court to make a meaningful review and the case should be remanded. *Id.* After careful consideration, I agree.

In step three of the analysis set forth above, the ALJ must determine if the claimant's

3

impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a Plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992). It is not the burden of the Plaintiff, however, to identify the applicable listings to consider. *Burnett v. Commissioner of Soc. Sec.,* 220 F.3d, 112, 120, n.2 (3d Cir. 2000). Rather, it is the burden of the ALJ. *Id.* "Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceeding…. Such reasoning is further supported by the fact 'that a large portion of Social Security [disability benefits] claimants either have no representation at all or are represented by non-attorneys.'" *Id.* (internal citations omitted). While an ALJ need not specifically identify or analyze the most relevant medical listing, the ALJ must clearly evaluate the available medical evidence of record and setting forth the evaluation in an opinion. *Jones v. Barnhart,* 364 F.3d 501 (3d Cir. 2004).

In this case, the ALJ identified obstructive sleep apnea as a severe impairment at step 2 of the analysis and discussed it at length therein. (ECF No. 7-4, pp. 7-11). At step 3, however, the ALJ does not discuss Plaintiff's sleep apnea alone (under Listing 3.10[2] for sleep related breathing disorders or otherwise) nor does he consider it in combination with Plaintiff's obesity.[3]

---

[2] While the current Listing of respiratory disorders for adults has changed, the relevant Listing 3.10 specifically addresses sleep-related breathing disorders such as sleep apnea, which "are caused by periodic cessation of respiration associated with hypoxemia and frequent arousals from sleep." § 3.00(H). The Listing notes that in some individuals the disturbed sleep pattern may cause daytime sleepiness with chronic pulmonary hypertension and/or disturbances in cognitive functioning, which can affect memory, orientation and personality. *Id.* Listing 3.10 provides that sleep-related breathing disorders should be evaluated under Listing 3.09 (chronic cor pulmonale) *or* Listing 12.02 (organic mental disorders). The regulations recognize that daytime somnolence may be associated with disturbance in cognitive vigilance and that impairment of cognitive function is to be evaluated under Listing 12.02. *See* Appendix 1, § 3.00(H).

[3] The Court of Appeals for the Third Circuit recognized that SSR 02-1p provides guidance in assessing

*See,* ECF No. 7-4, pp. 11-13. There is simply no analysis. *Id.* As a result, I am unable to conduct a meaningful review. Thus, I find that the ALJ's opinion is not based on substantial evidence. Consequently, remand on this issue warranted.[4]

An appropriate order shall follow.

---

how obesity is to be considered. *Diaz v. Commissioner of Social Security*, 577 F.3d 500, 503 (3d Cir. 2009). SSR 02-1p notes, "[t]he functions likely to be limited depend on many factors, including where excess weight is carried. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching." *Diaz*, 577 F.3d at 503, n. 2, *quoting,* SSR 02-1p. Given these parameters, an ALJ must "meaningfully consider the effect of a claimant's obesity, individually and in combination with [other] impairments, on her workplace function at step three and at every subsequent step." *Diaz,* 577 F.3d at 504.

[4] Plaintiff further argues that the ALJ erred in assessing his residual functional capacity ("RFC"). (ECF No. 10, pp. 8-11). Because I am remanding this matter as to whether Plaintiff meets a listing, the issue of Plaintiff's RFC is moot as it will be reconsidered on remand, *de* novo, if necessary.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL EDWARDS,)
)
        Plaintiff, )
)
 -vs- )   Civil Action No. 16-475
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 12th day of April, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.